**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30334 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-02055-FVS-1 |
| v. | |
| FRANCISCO ROBLEDO, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted August 29, 2014
Seattle, Washington

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

Francisco Robledo, Jr. was convicted of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), pursuant to a conditional guilty plea. On appeal, Robledo challenges the district court's denial of his motion to suppress statements and evidence obtained by police officers prior to his being put inside a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

patrol car on the grounds that the officers' conduct converted a *Terry* investigative stop into an illegal arrest without probable cause. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo motions to suppress brought on Fourth Amendment grounds, *United States v. Rodgers*, 656 F.3d 1023, 1026 (9th Cir. 2011), and we review for clear error a trial court's findings of fact, *United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir. 2005). We review de novo whether a seizure exceeds the bounds of an investigatory stop and ripens into an arrest. *United States v. Miles*, 247 F.3d 1009, 1012 (9th Cir. 2001). Whether probable cause exists to effect an arrest is a mixed question of law and fact that we review de novo. *See United States v. Ortiz-Hernandez*, 427 F.3d 567, 575 (9th Cir. 2005).

We have repeatedly held that we "may affirm a district court's denial of a motion to suppress on any basis supported in the record." *See, e.g.*, *United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir. 2005); *United States v. Albers*, 136 F.3d 670, 672 (9th Cir. 1998). Accordingly, we need not reach the question of whether the officers' conduct in this case converted a *Terry* investigative stop into an arrest because we conclude that there was probable cause to arrest Robledo, both when the officers handcuffed him and when they read him his *Miranda* rights.

Our Fourth Amendment jurisprudence states that "[a] police officer has probable cause to effect an arrest if 'at the moment the arrest was made . . . the facts and circumstances within [his] knowledge, and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the suspect had violated a criminal law." *Orin v. Barclay*, 272 F.3d 1207, 1218 (9th Cir. 2001) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). In this case, the totality of the circumstances known to the officers before they handcuffed and read to Robledo his *Miranda* rights were sufficient to support a finding of probable cause. After Leticia Cervantes, Robledo's girlfriend, indicated to officers that there was a gun in the vehicle in the driveway of 571 Peach Road, the officers knew that there was a report of a man in the driveway of 571 Peach Road, that gunshots had been heard, that Robledo was the only one seen there, that Robledo had possession of the vehicle and had tossed something inside of it, that Robledo was a convicted felon, that there was a gun in the vehicle, and that Robledo appeared to be trying to draw attention from the vehicle as he was being questioned. Several of the officers also knew of prior criminal activity at 571 Peach Road.

We conclude that these facts, together, were sufficient to establish probable cause to arrest Robledo for being a felon in possession of a firearm. The totality of

the facts and circumstances known to the officers before Robledo was either handcuffed or mirandized, as well as the permissible "inferences from and deductions about the cumulative information available to them," *Hart v. Parks*, 450 F.3d 1059, 1067 (9th Cir. 2006), were sufficient such that a prudent person would have been justified in concluding that Robledo had committed the crime of being a convicted felon in possession. As the facts in this case objectively support the reasonable conclusion that Robledo violated § 922(g)(1), we affirm.

**AFFIRMED.**